UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA GURALNIK, ARKADY KITOVER, and ILYA GURALNIK,<br><br>            Plaintiff(s),<br><br>     v.<br><br>MBNA AMERICAN BANK, N.A., et al.,<br><br>            Defendant(s). | No. C04-4543 BZ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Now before me is the motion of defendant MBNA America Bank, N.A. ("MBNA") for summary judgment, or in the alternative partial summary judgment on the complaint of Ilya Guralnik.[1]  Although plaintiff Ilya Guralnik has not opposed the motion, he lodged with the Court a document titled "Proposed joint statement of undisputed facts supporting Ilya Guralnik OPPOSITION TO MOTION for summary judgment or in the alternative opposition to partial summary judgment on

---

[1] All properly served parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

1

1  complaint of Ilya Guralnik" ("opposition") approximately one
2  month before defendant filed its motion.[2]  (emphasis in
3  original).  As Mr. Guralnik is a pro se litigant, and this
4  document responds to some of the arguments raised by
5  defendants, I have considered it in ruling on defendant's
6  motion.

7       On January 14, 2003, plaintiffs, proceeding pro se, filed
8  a complaint against defendant MBNA and Does 1-10 in California
9  Superior Court.  On September 9, 2004, they filed an amended
10 complaint alleging state law claims for (1) negligence, (2)
11 infliction of emotional distress, (3) breach of contract, (4)
12 breach of fiduciary duty, and (5) fraud, misrepresentation and
13 dealing in bad faith with customers.  All five claims arise
14 out of an alleged transfer of funds related to a credit card
15 account that Nina Guralnik and Arkady Kitover entered into
16 with defendant.  Plaintiffs did not effect service of process
17 on MBNA until September 28, 2004.[3]  MBNA removed the case to
18 this court and moved to compel arbitration of plaintiff's
19 claims.  On May 5, 2005, I granted defendant's motion to
20 compel arbitration with respect to the claims of Nina Guralnik
21 and Arkady Kitover and denied the motion as to Ilya Guralnik
22 as there was no evidence that he had ever entered into an
23 arbitration agreement with MBNA.  Defendant now seeks summary

---

[2]  I previously advised plaintiffs of the requirements to oppose a motion for summary judgment.  See March 1, 2005 Order Scheduling Court Trial and Pretrial Matters (citing Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998)).

[3]  Plaintiffs do not appear to have served the only other remaining defendant, John R. Cochran, and he is not a party to this motion.

2

judgment with respect to all the claims of the remaining plaintiff, Ilya Guralnik.

No genuine issue of material fact exists as to Ilya Guralnik's first claim for negligence. To prevail on a negligence claim, a plaintiff must establish that the defendant owed him a duty of care. See Friedman v. Merck & Co., 107 Cal. App. 4th 454, 463 (2003). As this Court has previously noted, "Under California law, except in very limited circumstances banks do not owe a duty to noncustomers." Davis v. Md. Bank, N.A., No. 00-04191 SBA, 2002 WL 32713429, at *6 (N.D. Cal. June 19, 2002) (citing Chazen v. Centennial Bank, 61 Cal. App. 4th 532, 543-45 (1998); Software Design and Application, Ltd. v. Hoefer & Arnett, Inc., 49 Cal. App. 4th 472, 479, 482-83 (1996)). The duty owed by the bank is an implied term of the contract. Id. (citing Chazen, 61 Cal. App. 4th at 543). "Thus, because an account agreement is not intended to benefit third parties unknown to the bank, a third party cannot allege a claim for negligence or breach of contract against a bank." Id. (citing Chazen, 61 Cal. App. 4th at 543-45; Software Design, 49 Cal. App. 4th at 482-83).

The account that gave rise to the claims in this lawsuit was issued solely in the name of Nina Guralnik and Arkady Kitover, and Ilya Guralnik was not a member on the account.[4]

---

[4] Although Mr. Guralnik states in his unsworn opposition that "[d]uring some time I was a cardholder for this account," he has provided no evidentiary support for this statement. See Fed. R. Civ. P. 56(e); Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998).

3

See Decl. of Margret Simpkins in Supp. of MBNA America Bank, N.A.'s Mot. for Summ J., or in the Alternative Partial Summ. J. on Compl. of Ilya Guralnik ¶¶ 3-5, 7-10, 12; Exs. A, B.  As a third party noncustomer, Mr. Guralnik may not maintain a negligence claim based on the account at issue in this case. See Davis, 2002 WL 32713429, at *6.  Mr. Guralnik has failed to establish that MBNA otherwise owed him a duty of care under California law, and he has presented insufficient evidence to support any of the other elements of his negligence claim. See Friedman, 107 Cal. App. 4th at 463.  Defendant's motion for summary judgment on Mr. Guralnik's first claim is therefore **GRANTED**.

Although it is not entirely clear whether Mr. Guralnik's second claim for "infliction of emotional distress" alleges a claim for intentional or negligent infliction of emotional distress, he has presented insufficient evidence to support either claim.  Under California law, the elements of a claim for intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Cervantez v. J.C. Penney Co., 24 Cal.3d 579, 593 (1979); Ess v. Eskaton Properties, Inc., 97 Cal. App. 4th 120, 129 (2002).  Mr. Guralnik has presented no evidence that defendant engaged in extreme and outrageous conduct or that he suffered severe or extreme emotional

4

1  distress as a result of such conduct.
2      California law only authorizes emotional distress damages
3  for negligent infliction of emotional distress in cases of
4  physical injury.  See Branch v. Homefed Bank, 6 Cal. App. 4th
5  793, 800 (1992).  Plaintiff has presented no evidence that he
6  suffered physical injury.  I therefore find that no genuine
7  issue of material fact exists with respect to Mr. Guralnik's
8  second claim for infliction of emotional distress, and MBNA's
9  motion for summary judgment on this claim is **GRANTED**
10     Mr. Guralnik has failed to raise a triable issue of
11 material fact with respect to his third claim for breach of
12 contract.  He has presented inadequate evidence to establish
13 that he was either a party to the contract between Nina
14 Guralnik, Arkady Kitover, and MBNA, which gave rise to the
15 claims in this lawsuit, see Davis, 2002 WL 32713429, at *6, or
16 that it was made expressly for his benefit.  See Cal. Civ.
17 Code § 1559.  And he has presented no evidence that he entered
18 into any other contract with MBNA.  See Reichert v. Gen. Ins.
19 Co., 68 Cal. 2d 822, 830 (1968) (noting that the existence of
20 a valid contract is a required element of a valid breach of
21 contract claim); Armstrong Petroleum Corp. v. Tri-Valley Oil &
22 Gas Co., 116 Cal. App. 4th 1375, 1391 (2004) (same).
23 Defendant's motion for summary judgment on Mr. Guralnik's
24 third claim is therefore **GRANTED.**
25     No genuine issue of material fact exists with respect to
26 Mr. Guralnik's fourth claim for breach of fiduciary duty.  To
27 maintain a claim for a breach of fiduciary duty, a plaintiff
28 must demonstrate that a fiduciary duty exists.  See Mosier v.

5

Southern Cal. Physicians Ins. Exch., 63 Cal. App. 4th 1022, 1044 (1998). In order for a fiduciary duty to exist, a person "must either knowingly undertake to act on behalf of or for the benefit of another or must enter into a relationship which imposes that understanding as a matter of law." Comm. on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal. 3d 197, 221 (1983). Mr. Guralnik has not shown that MBNA ever undertook to act on his behalf for any purpose. Nor has he presented sufficient evidence to show that a fiduciary relationship existed between him and MBNA. Defendant's motion for summary judgment on his fourth claim is therefore **GRANTED**.

Plaintiff's fifth claim for "fraud, misrepresentation and dealing in bad faith with customers" alleges that defendant committed fraud by mailing correspondence stating that plaintiffs' credit line was $23,500, and plaintiffs relied on this information in undertaking certain transactions that did not go through.[5] See Compl. ¶¶ 34-37. The parties dispute whether MBNA ever communicated with Mr. Guralnik. However, even if MBNA did communicate with Mr. Guralnik, he has not shown that MBNA made any representations to him, nor has he demonstrated that any of the representations allegedly made by MBNA were false. See Seeger v. Odell, 18 Cal. 2d 409, 414 (1941); City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 481 (1998) (citations

---

[5] Although Mr. Guralnik's fourth claim is for "fraud, misrepresentation and dealing in bad faith with customers," he has provided no authority recognizing the existence of a claim for "dealing in bad faith with customers." Even if such a claim did exist, plaintiff has not established that he was a customer of MBNA.

6

1  omitted).  He has also failed to present sufficient evidence
2  to support any of the other elements of this claim.  <u>See</u>
3  <u>Seeger</u>, 18 Cal. 2d at 414; <u>City of Atascadero</u>, 68 Cal. App.
4  4th at 481.  Based on the evidence presented, I find that no
5  reasonable juror could conclude that defendant engaged in
6  fraud or misrepresentation with respect to Mr. Guralnik, and
7  defendant's motion for summary judgment with respect to this
8  claim is **GRANTED**.
9       For the foregoing reasons, defendant's motion for summary
10 judgment with respect to all claims of Ilya Guralnik is
11 **GRANTED**.  As I find no need for oral argument on this motion,
12 the hearing scheduled for September 7, 2005 is vacated.
13 Dated:  August 31, 2005

_____
          Bernard Zimmerman
      United States Magistrate Judge

18 G:\BZALL\-BZCASES\GURALNIK\MSJ.ORD2.wpd

7